IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR385** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ISIDRO CARDENAS-OCHOA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"). The government has adopted the PSR (Filing No. 42). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant pleaded guilty to Count II (illegal reentry after an aggravated felony) of the Superseding Indictment. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a specific sentence of 84 months imprisonment and the dismissal of Count I (conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine). The PSR reflects a sentencing guideline range of 41-51 months based on total offense level 21 and criminal history category II. The PSR sets out the basis for the Rule 11(c)(1)(C) plea agreement provision in ¶¶ 7 and 61. Although this explanation does not seem to appear in the record surrounding the plea, the parties have not objected to ¶¶ 7 and 61. Therefore, the Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld for the specific sentence of 84

months imprisonment, no fine, a $100 special assessment and a term of supervised release to be set by the Court.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that while the PSR is correct in all respects the Court intends to uphold the Rule 11(c)(1)(C) plea agreement;

2. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 30th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge