IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | ) | **CASE NO. 8:04CR385** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ISIDRO CARDENAS-OCHOA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on initial review of the defendant, Isidro Cardenas-Ochoa's, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 53).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count II of the Superseding Indictment charging defendant with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2) defendant was sentenced to 84 months in the custody of the Bureau of Prisons followed by three years supervised release. Neither party filed a direct appeal.

In defendant's § 2255 he raises four claims: (1) venue was improper in the district of Nebraska; (2) defendant's indictment and conviction are illegal because they are barred

by the statute of limitations; (3) defendant's sentence was unreasonable; and (4) defendant's plea was not voluntary and was the result of ineffective assistance of counsel.[1]

The United States shall answer the defendant's claims. In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness

IT IS ORDERED:

1.   That upon initial review, the court finds and concludes that summary dismissal of the defendant's § 2255 motion (Filing No. 53) is not appropriate;

2.   That by August 18, 2006, the United States shall answer or otherwise respond to the defendant's § 2255 motion, and shall file an accompanying brief; and

3.   That by September 18, 2006, the defendant may file a reply brief.

DATED this 17th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] In his § 2255 motion defendant states that he did not raise these issues on appeal because, despite his requests, his counsel failed to file a direct appeal. Defendant did not raise counsel's failure to file a direct appeal as a separate ineffective assistance of counsel claim so the court will not address the allegation as a separate issue.