IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR385 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ISIDRO CARDENAS-OCHOA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255 motion) filed by the Defendant, Isidro Cardenas-Ochoa (Filing No. 53).

## FACTUAL BACKGROUND

The Defendant pleaded guilty to Count II of the Superseding Indictment charging him with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This Court sentenced the Defendant to 84 months imprisonment and three years supervised release. Neither party filed a direct appeal.

At the change of plea hearing, through a Spanish language interpreter, the Assistant United States Attorney informed the court of the factual basis for the guilty plea, stating:

> On November 2nd of 1990, the defendant applied for entry into the United States in El Paso, Texas. At the time he was driving a pickup that was found to contain 75 pounds of marijuana. He was subsequently convicted of possession with the intent to distribute marijuana in the United States District Court of the Western District of Texas on June 27th, 1991. As a result, he was found to be excludable from the United States and deported on June 5th of 1992.
>
> On April 11th of 1998, the defendant again applied for entry into the United States in San Isidro, California. He was found to be an alien who had previously been deported and again on 4-11-1998 he was removed from the United States.

>Again, on August 31st, 2004, the defendant was found in the United States without receiving permission to be here that led to the charge in Count II.

(Filing No. 40 ("Tr."), at 28.)

The Defendant did not object to this recitation of the facts, and he acknowledged that the government would be able to prove these facts beyond a reasonable doubt. (Tr. 29.)

In his § 2255 motion, the Defendant raises four claims: 1) venue was improper in the District of Nebraska; 2) his indictment and conviction are barred by the statute of limitations; 3) his sentence was unreasonable; and 4) his plea was involuntary and was the result of ineffective assistance of counsel.

## DISCUSSION

**Claim One - Venue**

The Defendant argues that his conviction and sentence were obtained in violation of his Sixth Amendment venue rights. The government argues that the issue of venue was discussed at length at the Rule 11 hearing, and that the Defendant waived his objection to venue by entering into the plea agreement.

After learning during the Rule 11 plea hearing that the Defendant was arrested in Arizona, Magistrate Judge Thalken explained that the law of venue means that the Defendant has the right to be tried and prosecuted in the judicial district where the offense occurred. (Tr. 30.) Judge Thalken further explained, however, that the Defendant could consent to venue in the District of Nebraska. (Tr. 30.) After consulting with his attorney off the record, the Defendant stated that he still wished to plead guilty. (Tr. 37-38.) By

2

continuing with his guilty plea, he waived any further objection to venue. *United States v. Winheim*, 143 F.3d 1116, 1117 (8th Cir. 1998) ("entry of an unconditional guilty plea waived all challenges not related to jurisdiction"); *United States v. Cordova*, 157 F.3d 587, 597 (8th Cir. 1998) (question of venue is not jurisdictional).

Moreover, the Defendant waived this issue as he failed to raise it on direct appeal and has not shown cause for the default, or prejudice from the errors asserted. *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). Therefore, this claim is denied.

**Claim Two- Statute of Limitations**

Next, the Defendant argues that his indictment and conviction are barred by the statute of limitations. Specifically, the Defendant argues that he was "found in" the United States in 1998 rather than 2004, and therefore, the five-year statute of limitations had expired by the time he was indicted six years later.

8 U.S.C. § 1326(b) establishes a penalty for any alien who enters, attempts to enter, or is "found in" the United States without the permission of the Attorney General after having been arrested and deported or excluded and deported. The five-year statute of limitations for prosecutions under § 1326 begins running as soon as the offense is complete. *United States v. Gomez*, 38 F.3d 1031, 1034 (8th Cir. 1994). In contrast to entry and attempted entry, a "found in" violation is a continuing violation that is not complete until the alien is "discovered" by immigration authorities. *Id.* at 1034-35. The Eighth Circuit has held, however, that when a defendant pleaded guilty to illegal reentry and did not raise a statue of limitations defense at the time his plea was entered, he

3

waived the defense. *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002).

For the first time in his § 2255 motion, the Defendant states that in 1998 he was arrested by DEA agents during a raid on a friend's house in Anaheim, California.[1] The Defendant states that he was fingerprinted and asked about his prior conviction and deportation, but was simply released from jail after questioning. Based on these facts, the Defendant argues that he was "found in" the United States in 1998 rather than 2004.

The Defendant did not raise this defense by challenging the factual basis read by the government at the Rule 11 plea hearing. He did not object to the Magistrate Judge's Report and Recommendation that his plea be accepted. He did not object to the facts set out in the PSR. At no time during the pendency of his case did he introduce evidence of any arrest and release in 1998. Because the Defendant failed to raise the statute of limitations argument in conjunction with his guilty plea, he waived the defense. Therefore, this claim is denied.

**Claim Three - Unreasonable Sentence**

Next, the Defendant argues that his 84-month sentence is unreasonable. The United States argues that this claim is without merit because the 84-month sentence was the subject of a stipulation in the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

"Under very limited circumstances, a prisoner may utilize 28 U.S.C. § 2255 to attack a sentence apparently legal on its face." *Kortness v. United States*, 514 F.2d 167, 170 (8th

---

[1] This arrest is apparently not related to defendant's removal from the United States in April of 1998 in San Isidro, California.

Cir. 1975). The severity of the length of the term of imprisonment imposed may not be attacked in a § 2255 proceeding if the sentence is within the applicable statutory limits. *United States v. Moore*, 656 F.2d 378, 379 (8th Cir. 1981).

In this case, the statutory penalty for the offense in question is up to 20 years. 18 U.S.C. §§ 1326(a) & (b)(2). The Court sentenced the Defendant to 84 months imprisonment, a sentence well within the statutory limits. Therefore, the Defendant's claim is denied.

**Claim Four - Ineffective Assistance of Counsel**

Finally, the Defendant claims that his plea was not knowing and voluntary and was the product of ineffective assistance of counsel. Specifically, the Defendant argues that he was not advised of the agreed upon sentence of 84 months and that an interpreter was not present at the plea hearing.

In order to establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that an attorney performed outside the wide range of reasonable professional assistance and made errors so serious that the attorney failed to function as the type of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a demonstration that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

The record before this court does not support defendant's claims. In his petition to enter a guilty plea, the Defendant stated: he was aware of the constitutional rights waived

5

by his plea of guilty; he faced a maximum of 20 years of imprisonment; entering into the plea agreement was in his best interest, and that he was guilty of the offense of illegal reentry. (Filing No. 36.) At the Rule 11 hearing, through the use of a Spanish language interpreter, Judge Thalken confirmed that the Defendant was aware of the charged offense and its statutory penalties. (Tr. 10-11.) The Defendant acknowledged that he was guilty of the charged crime. (Tr. 10.) The Defendant confirmed that by entering into the plea agreement he agreed that he should be sentenced to 84 months imprisonment. (Tr. 12-13.) Defense counsel described the conditions under which he and the Defendant met concerning the plea agreement. Counsel stated that an interpreter was always present, the plea agreement was read to the Defendant in its entirety in Spanish, and the plea agreement was signed in defense counsel's presence. (Tr. 18.) Furthermore, defense counsel stated that the plea petition was read to the Defendant in Spanish and defense counsel filled in each answer pursuant to the Defendant's instructions. (Tr. 18.) The Defendant confirmed that he approved of his attorney's handling of the case. He stated that he knew by pleading guilty he was waiving his right to a trial and all of the associated constitutional rights. (Tr. 21-23.) Further, the Defendant stated that he knew he was in this country illegally and that although he disagreed with the length of the sentence he wished to plead guilty. (Tr. 24.) The Defendant stated that he freely and voluntarily gave up his constitutional rights and that no one had forced him to plead guilty. (Tr. 25.)

After the hearing, Judge Thalken issued a Report and Recommendation finding that the plea of guilty to the Superseding Indictment was knowing, voluntary and intelligent and recommending acceptance of the plea and the plea agreement. (Filing No. 39.) This

Court adopted the Report and Recommendation and accepted the plea and plea agreement. (Filing Nos. 41, 46.)

Based on this record, the Court is satisfied that the defendant's plea was knowing, voluntary and intelligent. The Defendant has not satisfied either prong of the *Strickland* test. Therefore, the Defendant's claim is denied.

## CONCLUSION

Because the Defendant's § 2255 claims are without merit, his § 2255 motion is denied.

IT IS ORDERED:

1. The Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 53) is denied;
2. A separate Judgment will be entered; and
3. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 27th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge